UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4828

RAYMOND STEWART,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-96-244)

Submitted: July 24, 1997

Decided: August 4, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas W. Farquhar, Alexandria, Virginia, for Appellant. Lynne A.
Battaglia, United States Attorney, Hollis Raphael Weisman, Assistant
United States Attorney, Hyattsville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Stewart appeals his conviction for possession with intent to distribute crack cocaine. See 21 U.S.C.§ 841(a)(1) (1994). In this appeal, Stewart claims that the district court erred by refusing to admit a statement made by a co-conspirator which arguably exonerated Stewart. Stewart attempted to introduce the hearsay statement under the exception embodied in Fed. R. Evid. 804(b)(3). The district court found that the evidence was not sufficiently corroborated and declined to allow testimony regarding the co-conspirator's denial of Stewart's involvement.

During the course of a traffic stop, Stewart was arrested after a dog alerted to the presence of narcotics in his car. A search revealed more than fifteen grams of crack cocaine hidden in the gearshift console. The driver of Stewart's car, Sean Mason, told the arresting officer that the crack cocaine found in the car belonged to him. Mason further stated that Stewart and a woman traveling in the car"didn't have anything to do with it." Mason later committed his oral statement to two short sentences on a suspect statement form. However, Stewart was unable to provide evidence that Mason ever repeated or elaborated on the statement subsequently and Mason informed Stewart's attorney that if called in Stewart's defense, he would assert his Fifth Amendment privilege against self-incrimination.

At trial, Stewart attempted to introduce Mason's statement through the testimony of the arresting officer. The district court sustained the Government's objection to the hearsay evidence after a bench conference. During the conference, the court considered the standard enunciated by this court in United States v. Bumpass , 60 F.3d 1099, 1102 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3550 (U.S. Feb. 20, 1996) (No. 95-1076), and concluded that the statement was not sufficiently corroborated to be admissible. Stewart makes his lone assignment of error to this ruling.

Rule 804(b)(3) allows admission of hearsay of an unavailable declarant when the statement "at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . . that

2

a reasonable person in declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3). Where, as here, the statement likely exposes Mason, as declarant, to criminal liability and is offered to exculpate Stewart, as accused, it "is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Id. Thus, this hearsay statement may be admitted under the exception if (1) the declarant is unavailable, (2) the statement is genuinely adverse to the declarant's penal interest, and (3) sufficient corroborating circumstances exist. See id. The party offering the statement bears the "formidable burden" of meeting the requirements of Rule 804(b)(3), and the court's decision on the statement's admissibility is reviewed for abuse of discretion. See United States v. Lowe, 65 F.3d 1137, 1146 (4th Cir. 1995), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3231 (U.S. Oct. 7, 1996) (No. 95-1659); United States v. MacDonald, 688 F.2d 224, 233 (4th Cir. 1982).

In this case, the satisfaction of the first two requirements is not disputed. Mason, the declarant, was unavailable, having asserted his constitutional privilege against self-incrimination. See Fed. R. Evid. 804(a)(1); United States v. Brainard, 690 F.2d 1117, 1124 (4th Cir. 1982). Mason's statement was also adverse to his penal interest because he admitted involvement in a criminal act to the police. See MacDonald, 688 F.2d at 231-33. It is in the consideration of the third requirement--the existence of corroborating circumstances--where Stewart claims the district court abused its discretion. An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

This court has previously identified several factors which are relevant to determining whether sufficient corroboration exists to justify admitting a statement under the rule, including (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3) whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and

3

(6) the nature and strength of independent evidence relevant to the conduct in question. Bumpass, 60 F.3d at 1102. The district court considered each of these factors before making a ruling on the evidence.

Consequently, the district court employed the correct legal standard, and Stewart identifies no erroneous factual information that the court considered. The court appropriately relied on our decision in Bumpass to conclude that Stewart failed to bear his formidable burden of showing sufficient corroborating circumstances. In doing so, the court noted its concern that Mason had repeated the exculpating statement only once and expressed significant reservations regarding the "nature and strength" of a statement the court described as "cryptic" and "ambiguous." Because the district court exercised its discretion while guided by the proper legal standard and considering the correct factual premises, we find that there was no abuse of discretion in declining to admit the statement.

Accordingly, we affirm Stewart's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4